# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 17-1152V**
(not to be published)

| | |
|---|---|
| CARMEN MURILLO,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 30, 2019<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Daniel R. Seidman, Seidman Margulis & Fairman, LLP, Belleville, IL, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 25, 2017, Carmen Murillo, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries to her left shoulder, including adhesive capsulitis, as a result of an October 18, 2015 influenza ("flu") vaccination. (Petition at 1). On July 24, 2019, a decision was issued by then- Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 44).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion requesting attorney's fees and costs, dated September 12, 2019 (ECF No. 48), requesting a total award of $13,169.67 representing $12,525.00 in fees and $644.67 in costs. Pursuant to General Order #9, counsel for Petitioner filed a signed statement that Petitioner has not incurred out-of-pocket costs in pursuit of this litigation. (ECF No. 48-4). Respondent reacted to the motion on October 1, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring my discretion to determine the amount to be awarded. (ECF No. 49). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

Petitioner requests the hourly rate of $250 for all time billed by attorney Daniel R. Seidman.  (ECF No. 48-1 at 3). Mr. Seidman has been a licensed attorney since 2012 and has been practicing personal injury and medical malpractice. I have reviewed the billing records submitted with Petitioner's request and find that the requested rate is reasonable for Mr. Seidman.

Petitioner requests compensation for 4 hours of tasks billed on what is more appropriately categorized as paralegal tasks.  Examples include; 1.0 hours on "Creating exhibits for filing" (August 16, 2017), 0.10 hrs "Scheduling case management conference" (October 4, 2017), 0.10 hrs "Coordinating docket deadlines" (May 11, 2018), and 0.10 hrs "Coordinating docketing new deadlines" (March 18, 2019).  (ECF No. 48 at 2-3).  I find that these tasks should be considered more paralegal in nature and reduce Mr. Seidman's hourly rate to $125 per for all tasks billed that are considered paralegal.  This results in a reduction of the requested amount of **$500.00**.

Petitioner requests reimbursement for attorney costs in the amount of $644.67. After reviewing Petitioner's invoices, I find no cause to reduce Petitioner's' request and award the full amount of costs requested.

## CONCLUSION

Accordingly, I  hereby GRANT in part Petitioner's Motion for attorneys' fees and costs. I award a total of **$12,669.67** (representing $12,025.00 in fees and $644.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Daniel R. Seidman, Esq.  In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.